UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Deana L. Zapata,

    Plaintiff,

                                                      Civ. No. 08-5416 (RHK/FLN)
**MEMORANDUM OPINION
AND ORDER**

v.

Walgreen Company and
John Doe Store Manager,

    Defendants.
_____

Robert M. Gardner, Gardner Law Office, St. Paul, Minnesota, for Plaintiff.

Patrick J. Larkin, Lind Jensen Sullivan & Peterson, PA, Minneapolis, Minnesota, for Defendants.
_____

## INTRODUCTION

Plaintiff Deana Zapata brought this action against Defendants Walgreen Co. and John Doe Store Manager (hereinafter referred to jointly as "Walgreens") alleging that Walgreens was negligent and violated three Minnesota consumer-fraud statutes by selling an item ineligible for resale. Specifically, Zapata contends that she was severely injured after purchasing and using a bottle of CIBA Vision Clear Care Cleaning & Disinfecting Solution, a sample eye care product. Walgreens now moves for summary judgment. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

In November 2005, Zapata visited a Walgreens store located in Minneapolis, Minnesota. (Zapata Dep. Tr. at 28-30.) During this visit, she noticed a bottle of CIBA Vision Clear Care Cleaning & Disinfecting Solution (the "Solution"), a product used to clean contact lenses, below a sign that stated "Clearance 75 percent off." (Id. at 46-48.) When she inspected the Solution, she noticed that its packaging was "tattered." (Id. at 52.) Nevertheless, she purchased the Solution along with several other items. (Zapata Aff. ¶ 2.)

In making her purchase of the Solution, Zapata claims that she relied upon Walgreens' representation that it is "the pharmacy you can trust." (Zapata Dep. Tr. at 57.) However, she did not discuss her purchase with any Walgreens employees, nor did she rely upon any Walgreens coupon, advertisement, or flyer. (Id. at 37, 41, 56-58.) Instead, she purchased the Solution because of its low price and her need for contact-lens solution. (Id. at 56-57.) However, unbeknownst to Zapata, the Solution was a sample, unintended for resale. (Id. at 36.) Also unbeknownst to Zapata, the box containing the Solution did not have all of its original contents. (Id. at 76, 126.)[1]

A few days after her purchase, Zapata used the Solution for the first time. (Id. at 63, 65-67.) She did not read the product instructions or the warnings on the bottle. (Id.)

---

[1] Zapata claims the Solution package was missing a "cup" used to "break[] down the chemical" in the Solution that caused Zapata's injury. (Zapata Dep. Tr. at 126.)

Instead, she utilized the Solution in her usual fashion. (Id. at 67.)[2] First, she removed her contact lenses from her eyes, rinsed them off with water, put them in her contact case, and filled the case with the Solution. (Id. at 67-68.) The next morning, she removed the left contact lens from the case, rinsed it with the Solution, and placed it directly onto her left eye. (Id. at 70.) Once inserted, Zapata immediately felt a strong burning sensation and removed the lens. (Id. at 70-71.) Upon receiving medical care, Zapata learned she had sustained a corneal burn. (Id. at 74-75, 89.)

The Solution bottle has several printed warnings and instructions. The language "DON'T PUT IN YOUR EYES" is stamped in black letters on the top of the bottle. (Larkin Aff. Ex. D(2).) The directions further state: "[d]o not put [the Solution] on your lenses and insert directly into the eye." (Id. Exs. D(3), D(4).) In addition, a blue box on the back of the bottle contains a warning in yellow ink that provides, "[d]o not put directly in your eye!" (Id. Ex. D(5).)

Zapata commenced the instant action in Hennepin County District Court, which was subsequently removed to this Court. She asserts three claims under Minnesota's consumer-fraud statutes for selling a product ineligible for resale and one claim of common-law negligence for selling a product without all of its contents. Walgreens now moves for summary judgment.

---

[2] Zapata is a long-time user of contact lenses and contact-lens solution. (Zapata Dep. Tr. at 41.)

**STANDARD OF DECISION**

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**ANALYSIS**

**I.     Minnesota consumer-fraud claims**

Zapata asserts that Walgreens violated three Minnesota consumer-fraud statutes by selling the Solution.[3] These statutes are the Minnesota Deceptive Trade Practices Act,

---

[3] Walgreens first argues that all of Zapata's claims should be dismissed because there is no evidence that she actually purchased the Solution from a Walgreens store. Specifically, Walgreens asserts that the manufacturer's records indicate that it never shipped an order of Solution to any Walgreens store. (Mem. in Supp. at 13 (citing Franklin Aff.).) However, Zapata

4

Minn. Stat. § 325D.44; the Minnesota False Statement in Advertisement Act, Minn. Stat. § 325F.67; and the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69. Zapata claims that Walgreens violated these statutes because it: (1) advertised that it is "the pharmacy you can trust"; and (2) placed the Solution on its shelves under a "Clearance 75 percent off" sign, falsely representing that the Solution was eligible for resale. (Mem. in Opp'n at 5-6.) Because such allegations are not actionable under the above-referenced statutes, Zapata's consumer-fraud claims will be dismissed.

The Deceptive Trade Practices Act provides in relevant part that a business engages in a deceptive trade practice when it "represents that goods . . . have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have," or "engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Minn. Stat. § 325D.44, subds. 5 & 13.[4] The False Statement in Advertisement Act provides that any business that:

> makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper or other publication, or in the form of a book, notice, handbill, poster, bill, label, price tag, circular, pamphlet, program, or letter, or over any radio or television station, or in any other way, an advertisement of any sort regarding merchandise, securities,

---

has testified that she purchased the Solution from Walgreens. (Zapata Dep. Tr. at 28-30.) Accordingly, this issue presents a genuine issue of material fact for the jury to resolve. Celotex, 477 U.S. at 322-23.

[4] Walgreens argues that Zapata's Minnesota Deceptive Trade Practices Act claim should be dismissed because the Act does not provide a private cause of action. (Mem. in Supp. at 14-15.) However, an individual consumer has standing to bring a claim under the Act for injunctive relief, which Zapata seeks. Dennis Simmons v. Modern Aero, Inc., 603 N.W.2d 336, 339 (Minn. Ct. App. 1999). Accordingly, Zapata's claim will not be dismissed on this basis.

> service, or anything so offered to the public, for use, consumption, purchase, or sale, which advertisement contains any material assertion, representation, or statement of fact which is untrue, deceptive, or misleading, shall . . . be guilty of a misdemeanor.

Minn. Stat. § 325F.67. Finally, the Prevention of Consumer Fraud Act provides that the use of "any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise" is enjoinable. Minn. Stat.§ 325F.69.

Walgreens argues that there is no evidence of any fraud, false advertisement, or deceptive act, and therefore, the consumer-fraud claims must be dismissed. The Court agrees. There is no evidence in this case that Walgreens made <u>any</u> representations regarding the Solution to Zapata or the public at large. In particular, there is no evidence of any advertisement, flyer, sign, or coupon. Moreover, Zapata did not speak with any Walgreens employee about the Solution. In fact, Zapata acknowledges that she purchased the Solution simply because of its low price.

Zapata argues that Walgreens' slogan, "the pharmacy you can trust," constitutes consumer fraud. However, Zapata cites no authority holding that such a broad statement, unrelated to a specific product, can constitute consumer fraud under any of the above-cited statutes. In the Court's view, Walgreens' slogan is "non-actionable puffery . . . [that is] not misleading to the public." <u>Carey v. Select Comfort Corp.</u>, No. 04-015451, 2006 WL 871619, at *5 (Minn. Dist. Ct. Jan. 30, 2006) (holding that a defendant's statements touting the quality and nature of its products were non-actionable puffery). Zapata also

6

argues that Walgreens committed consumer fraud by placing the Solution on its shelves, implying that it was eligible for resale. However, Zapata once again fails to cite any authority holding that an implied, but unspoken, message can constitute consumer fraud under any of the above-cited statutes. Moreover, Walgreens' implicit message that the Solution was for sale was not false; the Solution was for sale. While the Solution's manufacturer may have a contractual claim against Walgreens for wrongfully selling its samples, Zapata does not have a claim for consumer fraud. Accordingly, Zapata's consumer-fraud claims will be dismissed.

## II. Negligence claim

Zapata's final claim for relief is common-law negligence. Specifically, she claims that Walgreens was negligent in selling the Solution without all of its original contents. (Compl. ¶¶ 46-47.) Walgreens seeks summary judgment on this claim, asserting that Zapata cannot establish the elements of negligence as a matter of law.

"In Minnesota, to prevail on a claim for negligence, a plaintiff must prove the following: (1) that the defendant has a legal duty to the plaintiff to take some action; (2) that there was a breach of that duty; (3) that the breach of that duty was the proximate cause of the harm to the plaintiff; and (4) damage." Gylten v. Swalboski, 246 F.3d 1139, 1141 (8th Cir. 2001) (citing Gilbertson v. Leininger, 599 N.W.2d 127, 130 (Minn. 1999)).[5] A defendant is entitled to summary judgment when the record reflects a lack of

---

[5] Because this is a diversity action, the Court applies state substantive law to resolve the negligence claim. Gylten, 246 F.3d at 1141. Neither party disputes that that application of

7

proof on any of the above-referenced elements. Stuedemann v. Nose, 713 N.W.2d 79, 83 (Minn. Ct. App. 2006).

First, Walgreens argues that summary judgment is appropriate because it did not have a legal duty to ensure the presence of all product contents. Specifically, it argues that it had no duty because the danger and resulting injury to Zapata were not foreseeable. (Mem. in Supp. at 22-25.)

In determining whether a legal duty exists, the Court must examine "the foreseeability of the injury." Germann v. F.L. Smithe Mach. Co., 395 N.W.2d 922, 924 (Minn. 1986). Specifically,

> the court goes to the event causing the damage and looks back to the alleged negligent act. If the connection is too remote . . . the courts then hold there is no duty . . . . On the other hand, if the consequence is direct and is the type of occurrence that was or should have been reasonably foreseeable, the courts then hold as a matter of law a duty exists.

Id. However, the "[i]mproper use of [a] product . . . need not be anticipated." Id.

Zapata argues that because the box of Solution was "tattered," it was reasonably foreseeable that the product might be missing necessary contents, the absence of which would likely cause a hazardous misuse of the product. (Mem. in Opp'n at 7.) The Court does not agree. In making a foreseeability determination, "courts look at whether the specific danger was objectively reasonable to expect, not simply whether it was within the realm of any conceivable possibility." Whiteford v. Yamaha Motor Corp., U.S.A., 582 N.W.2d 916, 918 (Minn. 1998). Zapata cites no authority that a retailer has the duty to

---

Minnesota law is appropriate.

inspect its products to ensure the presence of all product contents. Moreover, even if Walgreens reasonably should have foreseen that the package might be missing contents because of its "tattered" appearance, it was not reasonably foreseeable that Zapata would ignore the instructions and warnings printed <u>on the bottle</u> and misuse the product.

In addition, even if Walgreens did breach a legal duty owed to Zapata, such a breach was not the proximate cause of her injury.[6] A person's negligent conduct is the proximate cause of another's injury if the negligent conduct "was a substantial factor in bringing about the injury." <u>Flom v. Flom</u>, 291 N.W.2d 914, 917 (Minn. 1980). Here, Zapata asserts that Walgreens was negligent in selling a product without all of its required contents, but she fails to state how the presence of the missing contents would have prevented her injury.[7] Zapata testified that she did not read the warnings or instructions on the Solution bottle, which if followed, would have prevented her injury. As a long-time user of contact-lens solution, Zapata simply used the Solution in her typical fashion. Accordingly, the Court finds that even if Walgreens breached a duty of care owed to Zapata, such a breach was not the proximate cause of her injury. See <u>Draxton v. Katzmarek</u>, 280 N.W. 288, 290 (Minn. 1938) ("If the accident . . . would have happened

---

[6] At oral argument, Zapata argued that if Walgreens had not placed the Solution on its shelves for sale, Zapata would not have been injured. This is certainly true. However, "[t]his is much like arguing that if one had not got up in the morning, the accident would not have happened." <u>Harpster v. Hetherington</u>, 512 N.W.2d 585, 586 (Minn. 1994). This demonstration of "but for" causation is insufficient to establish proximate causation. <u>Id.</u>

[7] Zapata also fails to describe the nature of the missing contents.

9

even if there had been an absence of [negligence], such [negligence] was not a material element or substantial factor in brining it about."); McNamee v. Hines, 184 N.W. 675, 677 (Minn. 1921) (the evidence must "justify an inference that the injury resulted from [the defendant's] negligence rather than from some other cause").

In sum, Zapata has failed to establish a genuine issue of material fact regarding her consumer-fraud and negligence claims. Accordingly, Walgreens' Motion for Summary Judgment will be granted.

**CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 10) is **GRANTED** and Plaintiff's Complaint (Attach. No. 1, Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 2, 2009

              s/Richard H. Kyle
              RICHARD H. KYLE
              United States District Judge